UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.

DEEP ALPESH KUMAR PATEL   **8:23MJ2359SPF**

## MEMORANDUM OF LAW IN SUPPORT OF CRIMINAL COMPLAINT

The United States seeks to charge DEEP ALPESH KUMAR PATEL ("PATEL") by criminal complaint with transmitting in interstate commerce a threat to injure, in violation of 18 U.S.C. § 875(c). As alleged in the complaint affidavit, PATEL left the following voicemail for the World Jewish Congress located in New York City:

> I want to let you guys know, fuck all of you. Fuck all of you Israelis. Fuck all of you, every single one of you. I wish you guys go to hell. I do not want anything from you guys nothing, I just want you guys to go to fucking hell. You guys deserve it. FUCKING HELL! Fucking don't deserve nothing, not one thing from THIS FUCKIN WORLD! GO TO FUCKIN HELL! FUCK YOU GUYS! FUCK YOU! If I had a chance I would kill every single one of you Israelis. EVERY SINGLE ONE OF YOU! Cause mass genocide of every single Israeli, FUCK YOU! FUCK ALL OF YOU ISRAELIS, EVERY SINGLE ONE OF YOU, COCK SUCKING MOTHER FUCKERS! Thank you.

As set forth in the Eleventh Circuit's Pattern Jury Instructions, the essential elements for a violation of 18 U.S.C. § 875(c) are:

1. the Defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another; and

2. the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

The Supreme Court recently reiterated that "[t]rue threats of violence are outside the bounds of First Amendment protection and punishable as crimes." *Counterman v. Colorado*, 600 U.S. 66, 69 (2023). The Supreme Court has defined true threats as "those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003); *see also United States v. Dillard*, 795 F.3d 1191, 1199 (10th Cir. 2015).

Factors courts have considered to determine whether a "true threat" was made include the following: (1) the reaction of those who heard the threat, (2) whether the threat was conditional, (3) whether the threat was communicated directly to its victim, (4) the history of the relationship between the defendant and the victim, and (5) the context in which the threat was made. As directed by the Court, this memorandum of law focuses on the conditional nature of a statement.

A threat may be so dependent upon contingencies which may never occur that it is not a "true threat." In the seminal case of *Watts*, the Court noted that the defendant's "threat" to kill the President was conditional upon an event—induction into the Armed Forces—which the defendant had vowed (during the same speech) would never occur. *Watts v. United States*, 394 U.S. 705, 707 (1969). Although the circuit courts often recite the "conditional" factor when evaluating whether speech constitutes a "true threat," they have rarely found that a statement was not a true threat merely because it was phrased in the conditional tense. Indeed, as explained by the Seventh Circuit, "[m]ost threats are conditional; they are designed to

2

accomplish something; the threatener hopes that they will accomplish it, so that he won't have to carry out the threats. They are threats nonetheless." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (internal citations omitted); *see also United States v. Credico*, 718 F. App'x 116, 122 (3d Cir. 2017) (multiple serious threats with vivid details are true threats despite inclusion of one arguably conditional clause); *Dillard*, 795 F.3d at 1200 ([O]ur cases make clear that a statement may constitute a true threat even if it is conditional."); *United States v. Castillo*, 564 F. App'x 500, 504 (11th Cir. 2014) (upholding the defendant's conviction because the "the threat itself was not conditional," the alleged condition had been met before he made the threat, and the defendant need not actually intend to make a threat or carry it out); *United States v. Patrick*, 117 F.3d 375, 377 (8th Cir. 1997) (holding that the fact that the "threat" was conditioned upon the defendant's release from prison was not a valid defense); *United States v. Bellrichard*, 994 F.2d 1318, 1322 (8th Cir. 1993) ("A threat may be considered a 'true threat' even if it is premised on a contingency."); *United States v. Cox*, 957 F.2d 264, 266 (6th Cir. 1992) (holding that a threat is not to be construed as conditional if it "had a reasonable tendency to create apprehension that its originator will act in accordance with its tenor").

In *United States v. Castillo*, 564 F. App'x 500, 504 (11th Cir. May 2, 2014), the Eleventh Circuit rejected the defendant's argument that the conditional nature of his threat precluded a finding that it was a true threat. In that case, the defendant commented in response to a picture of then-President Barack Obama on Facebook, "'[T]hat's the last straw. If he gets re-elected, I'm going to hunt him down and kill

3

him and watch the life disappear from his eyes." *Id.* at 501 (alterations in original). When another Facebook user informed the defendant that threatening the President was a federal offense, the defendant responded, "'I wouldn't call it a threat but more of a promise. Let them come after me. Be more than happy to take a few of them with me.'" *Id.* In affirming the defendant's conviction under 18 U.S.C. § 871(a), the Eleventh Circuit concluded that "(1) even if the carrying out of the threat was conditional, the threat itself was not conditional . . . and (2) at the time Castillo told the Secret Service that he meant what he had said, the President had been re-elected, so that the condition in question had been fulfilled." *Id.* at 504.

Like in *Castillo*, PATEL's threatening call, albeit couched in conditional terms, constitutes a true threat. The carrying out of the threat—"If I had a chance"—may be viewed as conditional, but the threat itself—"I would kill every single one of you Israelis"—is not. Taken as a whole, including the subsequent statement that PATEL wanted to "cause mass genocide of every single Israeli," set against PATEL's furious tone, a reasonable person would construe the call as a true threat to injure. *See also United States v. Callahan*, 702 F.2d 964, 965 (11th Cir. 1983) (rejecting argument that conditional nature of statement to assassinate Reagan and Bush does not rise to level of true threat).

4

Therefore, for the foregoing reasons, there is probable cause that PATEL violated 18 U.S.C. § 875(c).

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/Risha Asokan*
        Risha Asokan
        Assistant United States Attorney
        Florida Bar No. 1003398
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: risha.asokan2@usdoj.gov

**U.S. District Court
Middle District of Florida**

## GOVERNMENT'S EXHIBIT

**Exhibit Number:**

_1_

**Case Number:**

_8:23-mj-2359-SPF_

_U.S.A._

v.

_Deep Alpesh Kumar Patel_

**Date Identified:**

_11/1/23_

**Date Admitted:**

_11/1/23_



U.S. Attorney's Office
Middle District of Florida

AUSA:
Risha Asokan

Date:
11/2023

8:23MJ2359SPF
COMPLAINT
United States vs. Deep Alpesh Kumar Patel
Gov. Exhibit
*Patel Voicemail_ 10-21-23*